**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

*Spiro Latsis*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*500 Poydras Street, Suite B210*
*New Orleans, LA 70130*

*Telephone # :(504) 680-3046*
*Fax # : (504) 589-4510*

June 29, 2011

Honorable Stanwood Duval
United States District Judge
500 Poydras Street, Room 368
New Orleans, LA 70130

      Re: United States v. American Overseas Trading Corporation, LLC
          Criminal No. 11-102 "K"

Dear Judge Duval:

      In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (5th Cir. 1974) and with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and American Overseas Trading Corporation, LLC ("AOTC")("The Company"), the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Catherine Chavarri, has reviewed the terms of this agreement and has been advised by The Company that The Company fully understands the terms of this agreement. The Company's representative has provided a corporate resolution evidencing its authority to take all actions necessary to the plea. The Company further understands that it has the right to be indicted and agrees to sign a waiver to proceed by Bill of Information.

      The Government has filed a one-count Bill of Information charging The Company with smuggling goods from the United States in violation of Title 18, United States Code, Section 554, to which The Company has agreed to plead guilty. The Government agrees that should the Court accept the defendant's guilty plea to the Bill of Information, it will not seek to bring any other charges in the Eastern District of Louisiana arising from The Comapny's actions, as more fully set forth in the factual basis.

      The Company understands that the maximum penalty it may receive should its plea of guilty be accepted is ten years imprisonment, a maximum fine of $500,000.00 or the greater of twice the gross gain to The Company or twice the gross loss to any person under Title 18, United States Code, Section 3571.

American Overseas Trading Corporation
June 29, 2011

Further, The Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3010 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the agreement made between the Government and The Company, the Government and The Company agree and stipulate to the following plea and sentence applicable to this case:

(1) The Company shall plead guilty to Count 1 of a one-count Bill of Information charging The Company with a felony violation of Title 18, United States Code, Section 554, arising from the smuggling of goods from the United States, which is thoroughly described in a mutually acceptable Factual Basis submitted herewith;

(2) In exchange for The Company's guilty plea, the Government agrees that it will not bring any other charges against The Company and its subsidiaries, arising from or related to any and all conduct known to the Government, in the Eastern District of Louisiana, at the time of the relevant plea agreement including the activities specifically described in the Factual Basis;

(3) The Company shall be placed on active probation for a term of three (3) years;

(4) The Company shall agree to participate in a corporate compliance program for a term of three (3) years. During this term, The Company will be monitored by special agents with Immigration and Customs Enforcement to ensure that it is conducting business in compliance with all legal and regulatory requirements.

(4) The Government agrees to accept $100,000 as an appropriate punitive fine amount to be paid on the day of sentencing;

(5) The Company shall also pay a mandatory special assessment fee of $400.00 under the provisions of 18 U.S.C. § 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void;

(6) Restitution is not applicable in this case; and

(7) Finally, this plea agreement does not resolve any collateral consequences such as fines and penalties that could result from any administrative enforcement actions brought against The Company by U.S. Customs and Border Protection.

American Overseas Trading Corporat
June 29, 2011

The stated $100,000.00 fine represents the total amount to be paid by The Company pursuant to the guilty plea and no other fine/restitution shall be applicable in this case. The Company agrees that the fine will be non-dischargeable in any bankruptcy proceeding and that The Company will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the plea agreement, The Company has the right to withdraw the guilty plea.

Except as otherwise provided in this paragraph, The Company hereby expressly waives its rights to appeal from its conviction and/or its sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The Company further waives its right to contest its conviction and/or its sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that The Company may bring a post conviction claim if The Company establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, The Company reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and The Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The Company understands that any discussions with The Company's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum fine allowed by law.

The Company further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets within its possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that The company will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500 or a copy of the financial information provided to the United States Probation Officer in connection with its Presentence Investigation Report. The Company understands this information may be provided to a representative of any victim of this offense.

American Overseas Trading Corporat
June 29, 2011

    The Company also understands and agrees that should it withdraw its decision to plead guilty and testify contrary to the substance of its proffer and the factual basis signed prior to the filing of the charges, or pursue a position or defense inconsistent with the substance of its factual basis, the United States may use the substance of the proffer, the signed factual basis, and any re-arraignment colloquies for any purpose, including, but not limited to, its use during the United States' case-in-chief at trial. All parties also understand that any statement or testimony given by the defendant can be used as leads or for any other reason against other persons except current or former employees of the defendant Company. Furthermore, The Company fully understands that should it commit perjury or give false statements to federal agents, any prior statements and testimony it has given can be used to prove those offenses, and The Company faces additional criminal charges.

    The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

                                   Very truly yours,

                                   JIM LETTEN
                                   UNITED STATES ATTORNEY

_____      
Spiro G. Latsis                             Date
Assistant United States Attorney

_____  06/29/11
Catherine Chavarri            Date
Attorney for the Defendant

_____  6/29/2011
American Overseas Trading Corporation, LLC  Date
by: Maria Bonilla, Agent-in-fact
Defendant